**Eassie A. SOARES–HAAE,**
**Plaintiff–Appellant,**

v.

**James G. ROCHE, Dr. The Secretary**
**of the U.S. Air Force; et al.,**
**Defendants–Appellees.**

**No. 05–15566.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 14, 2007.*

Filed Feb. 16, 2007.

Andre S. Wooten, Esq., Honolulu, HI, for Plaintiff–Appellant.

R. Michael Burke, Esq., USH–Office of the U.S. Attorney PJKK Federal Building, Honolulu, HI, for Defendants–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, Chief Circuit Judge, NOONAN and GOULD, Circuit Judges.

### MEMORANDUM **

Eassie A. Soares–Haae appeals the entry of summary judgment in his employment discrimination case against his former employer, the Secretary of the Air Force. Soares–Haae argues that the district court erred by entering summary judgment against him on his claims of disparate treatment, hostile work environment, and retaliation under Title VII. A district court's grant of summary judgment is reviewed de novo. *United States v. City of Tacoma,* 332 F.3d 574, 578 (9th Cir.2003). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### I. Disparate Treatment

■ Soares–Haae failed to establish a prima facie case of disparate treatment because he did not show that any of the incidents he claims constitute disparate treatment were adverse employment actions. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Soares–Haae's "excellent" evaluation was not an adverse employment action, because the evaluation was above-average and did not affect his pay, benefits, or competitiveness for a promotion. *Kortan v. Cal. Youth Auth.,* 217 F.3d 1104, 1113 (9th Cir.2000). No other action of which Soares–Haae complains constitutes an adverse employment action.

Even if Soares–Haae had established a prima facie case of disparate treatment, the Secretary of the Air Force met his burden of providing a legitimate non-discriminatory reason for the "excellent" eval-

uation: Soares–Haae's failure to keep his work space clean. *See McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817. Soares–Haae did not provide any evidence that raised a genuine issue of material fact as to whether this reason was a pretext for discrimination. *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

### II. Hostile Work Environment

■ Soares–Haae presented evidence that on one occasion, his supervisor, Master Sergeant Richard Cornelius, questioned him about Hawaiian sovereignty in a derogatory manner. However, Soares–Haae's declaration that Cornelius made several jokes about other races is not relevant to a hostile work environment claim, which requires Soares–Haae to show that he was "subjected to [unwelcome] verbal or physical conduct based on [his] race." *Galdamez v. Potter,* 415 F.3d 1015, 1023 (9th Cir.2005). Since the Hawaiian sovereignty comment is the only evidence of unwelcome racially-based conduct against Soares–Haae, Soares–Haae has failed to show conduct that was "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." *Id.* (citation omitted); *see Ellison v. Brady,* 924 F.2d 872, 876 (9th Cir.1991) (holding that an offensive remark alone is not actionable under Title VII).

### III. Retaliation

■ Soares–Haae has failed to establish a prima facie case of retaliation, which requires a causal link between a protected activity and an adverse employment action. *Manatt v. Bank of Am., N.A.,* 339 F.3d 792, 800 (9th Cir.2003). Soares–Haae's February 1998 suspension is the only ac-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion characterized as retaliatory that constitutes an adverse employment action. The suspension occurred almost a year after Soares–Haae filed a series of EEO complaints, so there is not a sufficient "temporal proximity" between the events to establish the required causality. *Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273–74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). Because Soares–Haae provides no other evidence that his EEO complaints prompted the suspension, he has not raised a genuine issue of material fact as to whether the suspension constituted retaliation.

Even if Soares–Haae had established a prima facie case of retaliation, the Secretary of the Air Force provided a legitimate non-discriminatory reason for the suspension. *See Manatt,* 339 F.3d at 800. Soares–Haae and another Hawaiian employee were suspended for fighting with each other. The other employee received a shorter suspension because he had reported the incident and shown remorse. Soares–Haae did not provide any evidence that creates a genuine issue of material fact as to whether this reason was a pretext for discrimination. *See id.*

AFFIRMED.